UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **TSA PROPERTIES, LLC,**<br><br>        **Plaintiff,**<br><br>  **v.**<br><br>**HISCOX INC. d/b/a/ HISCOX INSURANCE COMPANY INC.,**<br><br>        **Defendant.** | **Civil Action No:** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, HISCOX INSURANCE COMPANY, INC., misnamed in the Complaint as "HISCOX INC. d/b/a/ HISCOX INSURANCE COMPANY INC." (hereinafter, the "Defendant"), hereby files this Notice of Removal to remove the proceeding commenced by the Plaintiff, TSA PROPERTIES, LLC, (the "Plaintiff") in Lake County Superior Court, County of Lake, State of Indiana, to this Court. In support of this Notice of Removal, the Defendant states as follows:

### I.   PARTIES

1. The Plaintiff is a domestic limited liability company organized under the laws of the State of Indiana with its principal place of business located at 1504 North Main Street, Crown Point, Indiana.

2. Hiscox, Inc. is a foreign corporation, organized under the laws of the State of Delaware, with its principal place of business located in New York, New York.

3. Hiscox Insurance Company, Inc., the proper defendant in this matter, is a foreign corporation, organized under the law of the State of Illinois, with its principal place of business located in Chicago, Illinois.

## II.     REMOVAL IS TIMELY

4. This Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b)(1).

5. The Plaintiff initiated this civil action by filing a complaint against the Defendant in Lake County Superior Court, County of Lake, State of Indiana, Case No. 45D10-2004-PL-000255.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

6. On or about April 17, 2020, the Plaintiff served a copy of the Complaint on the Defendant.  *See id.*

7. This Notice of Removal has been filed with this Court within thirty (30) days of Defendant's receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...," as provided by 28 U.S.C. § 1446(b)(1).

## III.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. The basis for removal is diversity of citizenship jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over all civil actions in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, and in which complete diversity of citizenship exists between all plaintiffs and all defendants.

9. The Plaintiff is an Indiana limited liability company with three (3) members, Alexander Kutanovski, Tome Salkovski, and Sasho Becvarovski, all of whom are domiciled in and citizens of the State of Indiana.. Because all the Plaintiff's members are citizens of the State of Indiana, the Plaintiff is deemed to be a citizen of the State of Indiana under 28 U.S.C. § 1332(c)(1); *see also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534-35 (7th Cir. 2008).

10. Hiscox, Inc. is a Delaware corporation with its principal place of business located in the State of New York and, therefore, is deemed to be a citizen of the States of Delaware and New York under 28 U.S.C. § 1332(c)(1). Furthermore, Hiscox Insurance Company, Inc., the

proper defendant, is an Illinois corporation with its principal place of business located in the State of Illinois.  Therefore, Hiscox Insurance Company, Inc. is deemed a citizen of the State of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

11.   Thus, this civil action is between a citizen of a state (Indiana) and citizens of different states (Delaware, New York, and Illinois), pursuant to 28 U.S.C. § 1332(a)(1). Therefore, there is complete diversity of citizenship.

### IV.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12.   This is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

13.   The Plaintiff seeks damages against the Defendant for the Defendant's alleged breach of its insurance contract with the Plaintiff as set forth and alleged in Count I (Breach of Contract) of the Complaint.  The Plaintiff has further sought damages against the Defendant for its alleged failure to deal in good faith as set forth and alleged in Count II (Failure to Deal in Good Faith) of the Complaint.

14.   The Plaintiff has specifically claimed and alleged that it suffered damages in excess of $100,000 as a result of the Defendant's alleged conduct.  *See* Exhibit A, ¶ 12.  Beyond the $100,000 identified in the Complaint, the Plaintiff has also demanded "punitive damages for [Defendant's] failure to deal in good faith…reasonable attorney fees, the costs of this action and for all other just and proper relief."  *See id.*, at p. 4.  Therefore, the allegations set forth in the Plaintiff's Complaint satisfy the jurisdictional amount required under 28 U.S.C. § 1332.

### V.   ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

15.   Pursuant to 28 U.S.C. § 1446(a), Defendant is filing, with this Notice of Removal, a copy of all process, pleadings, and orders it has received.  Copies of all such papers are attached as Exhibit B.

16. The Defendant is the sole defendant identified in the Complaint, and therefore, all defendants have joined in or have consented to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

17. The United States District Court for the Northern District of Indiana is the appropriate venue for this removed action under 28 U.S.C. §§ 1441(a) and 1446(a).

18. A copy of this Notice of Removal has been served upon the Plaintiff and has been filed with the Lake Superior Court to effect removal of this action to the United States District Court for the Northern District Indiana, pursuant to 28 U.S.C. § 1446(d).

19. Jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1) and removal is proper pursuant to 28 U.S.C. § 1441.

20. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

21. In submitting this Notice of Removal, the Defendant reserves all defenses to this action.

WHEREFORE, having established all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, the Defendant hereby removes this case to the United States District Court for the Northern District of Indiana.

> The Defendant,
>
> HISCOX INSURANCE COMPANY INC.,
> By its attorneys,
>
> */s/ Trevor W. Wells*
> Trevor W. Wells (#31156-64)
> **REMINGER CO., L.P.A.**
> One Professional Center, Suite 202
> 2100 North Main Street
> Crown Point, IN 46307
> (219) 663-3011
> (219) 663-1049 (fax)
> twells@reminger.com
>
> Scarlett M. Rajbanshi, *pro hac vice forthcoming*
> Christopher J. Yagoobian, *pro hac vice forthcoming*
> **PEABODY & ARNOLD LLP**
> 600 Atlantic Avenue
> Boston, MA 02210
> Tel: (617) 951-2100
> srajbanshi@peabodyarnold.com
> cyagoobian@peabodyarnold.com

Dated: May 8, 2020

## CERTIFICATE OF SERVICE

  I, Trevor W. Wells, attorney for the defendant, HISCOX INSURANCE COMPANY INC., hereby certify that on May 8, 2020, I served a copy of the foregoing via electronic mail and First-Class U.S. Mail, postage-prepaid upon:

Alexander Kutanovski, Esq.
Kutanovski Law Offices
1504 N. Main Street
Crown Point, Indiana 46307
*Counsel for the Plaintiff*

                 */s/ Trevor W. Wells*
                 Trevor W. Wells (#31156-64)
                 **REMINGER CO., L.P.A.**

1751578_1
16298-206142