45D10-2004-PL-000255
Lake Superior Court, Civil Division 6

Filed: 4/9/2020 11:35 AM
Clerk
Lake County, Indiana

USDC IN/ND case 2:20-cv-00192-PPS-JPK   document 3   filed 04/09/20   page 1 of 4

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) | |
| COUNTY OF LAKE | ) | SITTING AT _____ |

| | |
|---|---|
| TSA PROPERTIES, LLC, ) | |
|     Plaintiff, ) | |
| v. ) | Cause No. _____ |
| HISCOX INC. d/b/a HISCOX ) | |
| INSURANCE COMPANY INC., ) | |
|     Defendant. ) | |

## COMPLAINT

Plaintiff, TSA Properties, LLC, by counsel Alexander Kutanovski of Kutanovski Law Offices brings its cause of action against Defendant, Hiscox Inc. d/b/a Hiscox Insurance Company Inc., and states as follows:

### PARTIES AND JURISDICTIONAL STATEMENT

1. Plaintiff, TSA Properties, LLC, is a limited liability company organized in the State of Indiana with its principal place of business located in, Crown Point, Lake County, Indiana.

2. Hiscox Inc. d/b/a Hiscox Insurance Company Inc. (hereinafter "Hiscox") is an insurance provider authorized to issue property and casualty policies of insurance in the State of Indiana.

3. Plaintiff owns the real estate located at 19 N. Court Street, Crown Point, Lake County, Indiana (hereinafter the "Premises"), and is regularly engaged in the business of leasing the Premises to tenants for commercial purposes.

4. The Lake County Circuit/Superior Court maintains jurisdiction over the parties and the subject matter of this litigation based upon the location of the Premises which is the subject of this litigation, and the transactions which give rise to this litigation occurred in Lake County, Indiana.

## FACTUAL BACKGROUND

5. Plaintiff incorporates by reference rhetorical paragraphs 1 through 4 as if fully set forth herein.

6. On or about April 30, 2018, Plaintiff entered into a Commercial Lease (hereinafter "Lease") with Crown Productions LLC (hereinafter "Crown Productions") for the lease of the Premises

7. On or about November 21, 2018, Hiscox issued a policy of liability insurance to Crown Productions and issued a Certificate of Liability Insurance to Plaintiff listing Plaintiff as an additional insured.

8. On or after November 21, 2018, Crown Productions performed demolition and construction activities upon the Premises.

9. The interior demolition of the HVAC, plumbing and electrical were performed by Crown Productions without the express consent of Plaintiff, and the HVAC, plumbing and electrical were not completed or returned to a useable condition by Crown Productions.

10. Upon discovery of the damages to the Premises and potential policy coverage for the same, Plaintiff contacted Hiscox to initiate a claim under the "Damages to Rented Premises" clause and was advised via telephone only by Hiscox's claim representative that coverage was not available.

11. Plaintiff has made several requests to Hiscox for a complete copy of the policy of insurance and a written determination of the denial of the claim, and Hiscox has failed to respond to such requests.

12. Crown Productions caused damages to the rented Premises by way of either unauthorized demolition to the Premises and/or failure to reconstruct the Premises to its

condition prior to taking possession or to a usable condition and thus caused in excess of One Hundred Thousand ($100,000.00) Dollars in damages to the rented Premises.

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff incorporates by reference rhetorical paragraphs 1 through 12 as if fully set forth herein.

14. Hiscox has breached its contract of insurance with Plaintiff by:

   a. Failing to promptly and reasonably process a claim;

   b. Failing to properly train and/or instruct its adjusters and/or agents;

   c. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

   d. Failing to provide sufficient funds for repair of the damages to the Premises pursuant to the policy terms;

   e. Failing to promptly pay to Plaintiff under the policy limits for the damages to the Premises; and

   f. Failing to provide a copy of the full policy to Plaintiff as an additional insured upon request.

15. Plaintiff has suffered damages as a result of Hiscox's breach of contract.

16. Plaintiff is entitled to compensation related to the damages it has incurred as a result of Hiscox's breach of contract.

## COUNT II
## FAILURE TO DEAL IN GOOD FAITH

17. Plaintiff incorporates by reference rhetorical paragraphs 1 through 16 as if fully set forth herein.

18. Hiscox acted negligently with respect to this incident by the following actions:

a. Failing to respond to requests in a timely manner;

b. Failing to properly and timely adjust this claim consistent with insurance industry standards;

c. Failing to provide any reasonable basis for denying payment on this claim;

d. Failing to meet its duty owed to Plaintiff to engage in good faith and fair dealings;

e. Failing to cover the damage to the Premises regardless of the fact that Plaintiff has provided evidence of damages to the Premises;

f. Failing to deal in good faith as it has failed to adequately determine the magnitude of the damages sustained to the Premises and the cost of the repairs.

19. Plaintiff has suffered damages as a result of Hiscox's breach of its duty to deal in good faith.

20. Plaintiff is entitled to compensation related to the damages it has incurred as a result of Hiscox's failure to deal in good faith.

WHEREFORE, Plaintiff, TSA Properties, LLC, by counsel respectfully requests this Court grant judgment in its favor, and against the Defendant, Hiscox Inc. d/b/a Hiscox Insurance Company Inc., in the amount of $100,000.00, punitive damages for failure to deal in good faith in an amount determined by this honorable court, reasonable attorney fees, the costs of this action and for all other just and proper relief.

Respectfully submitted,

KUTANOVSKI LAW OFFICES
Attorneys for Plaintiff, TSA Properties, LLC

By: _____
Alexander Kutanovski #27213-45
alex@kutanovskilaw.com
1504 N. Main St., Crown Point, IN  46307
Phone:  (219) 663-8480

595-17
v.2