**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| TSA PROPERTIES, LLC ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:20-CV-192-PPS-JPK |
| ) | |
| HISCOX INC. d/b/a HISCOX ) | |
| INSURANCE COMPANY INC., ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff TSA Properties, LLC invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing its First Amended Complaint (ECF No. 24, ¶ 6). As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). And when a plaintiff "voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *see also Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) ("if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed") (citing *Rockwell*).

For the Court to have diversity jurisdiction over this action, Plaintiff and Defendant must be citizen of different states, and the amount in controversy must be more than $75,000. 28 U.S.C. § 1332. Plaintiff has alleged a sufficient amount in controversy, and has sufficiently alleged the

citizenship of Defendant. (ECF No. 24, ¶¶ 4, 6). The allegations in Plaintiff's Amended Complaint are insufficient, however, as to Plaintiff's own citizenship.

The Amended Complaint alleges that Plaintiff TSA Properties, LLC "is a limited liability company organized in the State of Indiana with its principal place of business located in the Northern District of Indiana." (ECF No. 24, ¶ 2). However, a limited liability company's citizenship for purposes of diversity jurisdiction "is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Accordingly, the "name and citizenship" of each member of a limited liability company "must be identified to determine diversity jurisdiction." *See Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (requiring the name and citizenship of each LLC member to be identified) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed") (citing *Guar. Nat'l Title*, 101 F.3d at 59). Moreover, citizenship must be "traced through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas*, 487 F.3d at 534 (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"). And all such allegations must state the citizenship of each such member at the time the Amended Complaint was filed. *See Rockwell*, 549 U.S. at 473-74; *Cunningham*, 592 F.3d at 807; *Thomas*, 487 F.3d at 533-34. Plaintiff must therefore identify each member of TSA Properties, LLC and each such member's citizenship as of the date the First Amended Complaint was filed.

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege its citizenship for purposes of diversity jurisdiction. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **October 28, 2020**, a supplemental jurisdictional statement that properly alleges its citizenship as stated above.

So ORDERED this 14th day of October, 2020.

> s/ Joshua P. Kolar
> MAGISTRATE JUDGE JOSHUA P. KOLAR
> UNITED STATES DISTRICT COURT